JAMES V. SCHMITZ and VERA SCHMITZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitz v. Commissioner
Docket No. 12924-82.
United States Tax Court
T.C. Memo 1983-714; 1983 Tax Ct. Memo LEXIS 74; 47 T.C.M. (CCH) 490; T.C.M. (RIA) 83714; November 30, 1983. James V. Schmitz, pro se. Michael Sheeley, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in and an addition to petitioners' Federal income tax as follows: Sec. 6653(a) [1]
Year
Deficiency
Addition to Tax
1978
$3,348
$167
After concessions, the issues are (1) whether petitioners are entitled to *75 a deduction for charitable contributions, (2) whether petitioners are entitled to a deduction for business expenses, and (3) whether petitioners are liable for an addition to tax under section 6653(a). [2]
FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, James V. Schmitz and Vera Schmitz, resided in Richland, Wash., when they filed their petition herein. In 1978, Mr. Schmitz worked as an electrician and received wages totalling $28,694.68. On their return for that year, petitioners claimed a $10,000 deduction for *76 charitable contributions and a $2,199 deduction for business expenses. In his notice of deficiency, respondent completely disallowed these deductions. Respondent also asserted an addition to tax under section 6653(a). OPINION The first two issues are whether petitioners were entitled to deductions for charitable contributions and business expenses. Petitioners bear the burden of proving they were entitled to these deductions. Rule 142(a); . At the call of the case, Mr. Schmitz stated that he spent $10,000 in 1978 buying food for poor people and that a fire at his home destroyed all of his records concerning expenses incurred in his "preaching" business. Petitioners failed, however, to provide any evidence that they actually made charitable contributions to qualifying donees under section 170(c), or that Mr. Schmitz was engaged in the business of "preaching" and that he incurred business expenses allowable under section 162. Thus, we conclude that petitioners failed to satisfy their burden of proof on these issues. Accordingly, we sustain respondent's determination that petitioners were not entitled to a $10,000 deduction *77 for charitable contributions or a $2,199 deduction for business expenses on their 1978 return. The final issue is whether petitioners are liable for an addition to tax under section 6653(a). Petitioners bear the burden of proving their 1978 underpayment was not due to negligence. Rule 142(a); . Having failed once again to present any evidence with respect to this issue, we sustain respondent's determination that petitioners are liable for an addition to tax. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In their brief, petitioners for the first time raise the affirmative defense of the statute of limitations under sec. 6501(a). Pursuant to Rule 39, however, petitioners were required to raise this issue in their pleadings. Moreover, petitioners did not present any evidence showing that respondent mailed his notice of deficiency after the statute of limitations had expired. Thus, we reject this contention by petitioners.↩